*E. S. Worthington, for appellant.*
*Mix, Caldwell, for appellees.*

---

AUGUSTA FREDERICK *v.* B. K. BETHUREM, &c.

Equity—Judgment—Enforcement.
> In an equitable action to enforce a judgment, the action becomes a binding obligation against the defendants from the date of their answer admitting liability.

Same—Payment to Third Party.
> Such answer becoming the nature of a garnishment proceeding, a payment by the defendant to any other than the petitioner, outside of court, will not affect the right of the petitioner to recover the amount against the defendant.

Same—Notice.
> Such proceeding would be notice of the claim of the petition, as against subsequent creditors.

Bills and Notes—Principal and Surety—Release of Surety—Limitations.
> The limitations of seven years in favor of a surety will not apply where an execution against the surety alone, was issued within the statutory period.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

October 25, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant having recovered a judgment against Josephine Frederick and others for $75 and having had one execution

issued thereon and returned no property found by the proper officer, filed her petition in equity to attach the amount of her debt in the hands of W. H. Kirtly and appellee Berthurem alleging that they were indebted to Josephine Frederick alleging in a larger sum than she owed them. In September, 1859, Kirtly and Berthurem answered her petition, in which they admit an indebtedness and a judgment against them in favor of the said Josephine in a sum sufficient to pay the debt, and say "they *care not who gets it.*"

Judgment was on the 9th of March, 1861, rendered in said suit in favor of appellant against Kirtly and Berthurem for her debt and costs. In June, 1866, an execution issued on said judgment against the estate of Bethurem (Kirtly having died); and was returned, the individual to whom it was delivered doubting whether he was in fact sheriff of the county, and his authority to act in that capacity.

On the 17th of April, 1867, another *fifa* issued on said judgment and was levied on the property of appellee; before the sale he enjoined the collection of the debt, alleging that Josephine Frederick had recovered judgment against Kirtly and himself, he being the surety of Kirtly; that an execution issued thereon; that they then replevied the debt, and after the replevin bond matured, an execution issued, and property of Kirtly was levied on, and not sold for want of bidders; that a *ven. ex.* then issued, and upon that Kirtly paid the debt.

He also pleads that he was only the surety of Kirtly, and as such he is discharged by time, and pleads the statute of limitations.

The court below was of opinion the debt had been paid to Josephine Frederick by Kirtly, and perpetually enjoined the judgment of appellant, and by this appeal she seeks a reversal of that judgment.

The debt, it is true, was replevied after appellant filed her petition to attach as much of it as would pay her debt, and the *fi fa* issued thereon was levied on Kirtly's property; but he and appellee had filed their answer admitting an indebtedness, and if they paid the money to Josephine, or on her execution after that they did it at their own risk. They should have taken steps to arrest the collection of so much of the debt as was attached.

by appellant and a payment afterwards to Josephine, would not discharge them from their liability to pay her.

The execution was issued on the judgment against appellee which he enjoined in less than seven years before the statutory bar was complete.

Wherefore, the judgment must be reversed, and the cause remanded, with directions to dissolve the injunction and dismiss appellee's petition.

*Dembitz,* for appellant.
*Hoham & Kirtly,* for appellees.